IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADELA VARGAS,

        Plaintiff,

v.                                            CIV 99-250 JP/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Vargas's) Motion to Reverse and Remand for a Rehearing. The Commissioner of Social Security issued a final decision denying Vargas's application for disability insurance benefits. I have considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is well taken and that remand is appropriate.

### A. Facts/Procedural Background

Vargas, now 51years old, applied for Social Security disability insurance benefits May 6, 1996. She alleged disability due to musculoskeletal problems commencing April 11, 1996. [AR 56-59, 67] After a hearing, the administrative law judge (ALJ) found that Vargas had a residual functional capacity (RFC) for sedentary work. He also found that, though she could not perform her past relevant work, she was not disabled under the framework of the Medical Vocational Guidelines. [AR 15-16] The Appeals Council denied Vargas's request for review, making the ALJ's decision the Commissioner's final decision for purposes of review. Vargas now seeks this Court's review pursuant to

42 U.S.C. § 405(g).

## B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id*. This case involves step five of the evaluation.

## C.  DISCUSSION

Vargas argues that the ALJ made five errors: (1) his analysis of her combination of impairments is contrary to law; (2) the residual functional capacity finding lacks support of substantial evidence and is contrary to law; (3) his use of the grids is contrary to law; (4) his credibility finding is contrary to law; and, (5) he failed to consider her obesity as a nonexertional impairment.  I consolidate the discussion of issues 1 and 5 because of their similarity, then discuss each issue in turn.  I recommend that the Court remand the case on the ALJ's use of the grids.

*1. The ALJ properly analyzed Vargas's combination of impairments as it concerned obesity.*

Vargas complains that the ALJ's decision did not contain an analysis of her obesity (which did not meet the severity of the Listing of Impairments) in combination with her other impairments. [MIS 4]  The Commissioner responds that the ALJ's decision, which concerned her musculoskeletal problems, encompassed her weight problem.  [RES 4]  It is worth noting that Vargas has not claimed that her obesity in and of itself was disabling, only her associated musculoskeletal problems. [AR 67, 79]  Although the ALJ did not discuss her obesity as an impairment, he did discuss all of Vargas's impairments that could have resulted from it, alone or in combination with other impairments, including her pain and limitations on bending, climbing, stooping and kneeling.  [AR 16]

The ALJ did not need to use the word "obesity" in his decision to show that he analyzed all Vargas's potentially related disabling impairments.  To the extent Vargas's obesity contributed to other exertional or nonexertional impairments, the ALJ's discussion of these associated limitations properly took her obesity into account.  *See Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 150 (10th Cir. 1992) (court concluded ALJ considered all claimant's impairments through ALJ's conclusion regarding claimant's residual functional capacity) (citing *Renner v. Heckler,* 786 F.2d 1421, 1424 (9th Cir. 1986) (per curiam) (ALJ need not precisely enunciate each decisional step)).

3

In the present case also, the ALJ did not have to articulate every step in his decision for the decision to be sound and for the Court to affirm it. My review of the record and of the ALJ's decision convinces me that he properly took into account Vargas's impairments, and that his not mentioning her obesity was in no way error.

   2. *The ALJ's residual functional capacity finding is supported by substantial evidence.*

The Commissioner claims that Vargas waived any error concerning her residual functional capacity (RFC) by not raising it before the Appeals Council. [MIS 506] It is true that Vargas never raised the issue specifically. [AR 6-9] She replies, however, that her argument to the Appeals Council concerning the use of the grids alerted the Appeals Council that the finding of her ability to do sedentary work was at issue. [REP 1] Vargas directed that argument to the Appeals Council regarding the ALJ's decision making process at step five [AR 8], while the ALJ found her able to do sedentary work at step four. [AR 15] Thus, I question whether the issue was properly before the Appeals Council. *See James v. Chater*, 96 F.3d 1341, 1343 (10th Cir. 1996) ( issues not properly brought to the attention of the Appeals Council are deemed waived). Nevertheless, I address the merits of the issue because Vargas intimates that the preservation rule in *James* does not apply here. [REP 1, n. 1] *See Stephens v. Callahan*, 971 F.Supp. 1388, 1392 (N.D. Okla. 1997) (concluding that the Court in *James* was unmistakably concerned that claimants be given adequate notice that failure to raise issue would result in waiver).

Vargas argues that the evidence does not support the ALJ's finding that she could still do sedentary work. To support her argument, she points out evidence from Dr. James A. Schneider, a treating physician. Dr. Schneider checked the "no" box in answer to a question on a form as to whether Vargas could perform any occupation part time. He answered "never" to a question as to whether Vargas would recover sufficiently to perform duties. Dr. Schneider also marked the disability

4

date as April 1996, and answered "no" to the possibility of job modification enabling Vargas to work with her impairments. [MIS 5]

Ordinarily, a treating physician's opinion carries substantial weight. *Goatcher v. Department of Health & Human Servs.*, 52 F.3d, 288, 289 (10th Cir. 1995). Evaluation forms, however, standing alone and without "thorough written reports or persuasive testimony, are not substantial evidence." *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). Thus, while it is apparent that Dr. Schneider believed Vargas was disabled, the basis for his belief is not apparent from the record. His opinion as it stands in the record cannot therefore constitute substantial evidence under Tenth Circuit law.

Moreover, other evidence in the record contradicts Dr. Schneider's opinion, diminishing its force. In a June 6, 1996 letter from the office of Dr. Teresa Chavez, whom Vargas had visited on at least two occasions, there is evidence that Vargas was "advised that osteoarthritis diagnosis is not enough to continue to give her work releases" and "this office will not give her a work release to stay off work the entire week." [AR 183] Vargas's residual functional capacity assessments, performed by two physicians, show Vargas able to do sedentary work. [AR 78, 89, 90-97] Accordingly, I find no error in the ALJ's decision on the merits.

3. *The ALJ erred by failing to state specifically whether he considered Vargas's pain in applying the grids conclusively*.

"Whenever a claimant's residual functional capacity is diminished by both exertional and nonexertional impairments, the [Commissioner] must produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy." *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). In his decision, the ALJ said that he had used the grids as a "framework" to decide that Vargas was not disabled. Yet he apparently applied them "conclusively" because he did not rely on vocational expert testimony. The ALJ acknowledged Vargas's exertional

5

impairments in finding her no longer capable of her past work. He also acknowledged Vargas's nonexertional impairments including "limiting painful symptoms . . . inability to perform repetitive and extensive bending, climbing, stooping, or kneeling . . . ." [AR 16]

It is unclear whether the ALJ found that Vargas's pain was a factor *resulting* in her RFC for sedentary work, or that she could do sedentary work without regard to her pain. Before he could apply the grids conclusively, however, the ALJ was required to make the specific finding that Vargas could perform "the full range" of sedentary work on a daily basis despite her pain. *See Williams v. Bowen*, 844 F.2d 748, 752 (10th Cir. 1988) (requiring specific finding of RFC despite nonexertional impairment before applying grids conclusively); *see also Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir.1985). Because it is unclear whether the ALJ made this necessary finding before relying exclusively on the grids, I recommend that the Court remand the case to the Commissioner for further consideration of this matter. I further recommend that a vocational expert testify concerning the availability of jobs to Vargas in the national economy to prevent further questions on substantiality of evidence at step five.

    4. *The ALJ properly assessed Vargas's credibility concerning her pain.*

Vargas challenges the ALJ's credibility assessment as inappropriate because she suffers from arthritis and fibromyalgia, both of which are known to cause pain. [MIS 9] She also claims that the ALJ's determination was cursory. [MIS 10] It is difficult, however, to tell precisely where she assigns the error. An ALJ's determination of credibility must be closely and affirmatively linked to substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ must also consider whether there is objective medical evidence of a pain-producing impairment; whether there is a loose nexus between this evidence and the pain; and, whether in light of all the objective and subjective evidence, the pain is disabling. *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).

Here the ALJ appears to have found that there was objective medical evidence of a pain-

producing impairment and a nexus between the impairment and the pain.  He did, however, doubt that the pain was disabling to the degree Vargas alleged.  [AR 14]  The ALJ based this doubt on the releases for Vargas to return to work by Drs. Pacheco and Chavez.  [AR 14-15, 183, 186-97]  These doctors obviously differed with Vargas and Dr. Schneider about the effect of her impairments.  It is not for the Court, however, to reweigh the evidence, but rather to treat the ALJ's credibility assessment with some deference.  *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991); *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987).

The ALJ had substantial evidence in the form of the opinions of Drs. Pacheco and Chavez to support his determination that Vargas's claim of disabling pain was not credible, though obviously the ALJ believed Vargas had some limiting pain. [AR 16]  I therefore find no error on this point.

### D. Conclusion

Based on the foregoing, I recommend that the Court remand the case to the Commissioner for a specific finding on how Vargas's pain affects her residual functional capacity, and recommend that the Commissioner call a vocational expert to testify concerning jobs available to Vargas.  Objections to the foregoing may be timely made pursuant to 28 U.S.C. § 636(b)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**

Francesca J. MacDowell
Gary J. Martone
A. Michelle Baca
Albuquerque, NM

**Counsel for Defendant:**

Joan Marie Hart
Albuquerque, NM
Christopher Carillo
Dallas, TX